**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH NIEDZWIEDZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. _____** |
| | ) | |
| **vs.** | ) | |
| | ) | **Jury Demand** |
| **AIRCRAFT PROPELLER** | ) | |
| **SERVICE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## TABLE OF EXHIBITS TO NOTICE OF REMOVAL

- Exhibit A:    Complaint and Summons

- Exhibit B:    Defendant's Notice of Filing of Notice of Removal

Kimberly A. Ross
IL ARDC #6231248
kross@fordharrison.com
FORDHARRISON LLP
Becky L. Kalas
bkalas@fordharrison.com
IL ARDC #6279983
180 North Stetson Avenue
Suite 1660
Chicago, IL 60601
(312) 332-0777- Telephone
(312) 332-6130 - Facsimile

**EXHIBIT A**

 CT Corporation

**Service of Process Transmittal**
10/08/2019
CT Log Number 536398465

TO:     ANDREW DAWSON
        Aircraft Propeller Service, LLC
        595 TELSER ROAD
        LAKE ZURICH, IL 60047

RE:     **Process Served in Illinois**

FOR:    Aircraft Propeller Service, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOSEPH NIEDZWIEDZ, PLTF. vs. AIRCRAFT PROPELLER SERVICES, LLC, DFT. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Lake County - 19th Judicial Circuit Court, IL<br>Case # 19L00000695 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 01/12/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/08/2019 at 10:28 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | within 30 days after service of this summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Thomas R. Cirignani<br>150 S. Wacker Drive, Suite 2600<br>Chicago, IL 60606<br>708-674-4696 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780114405674 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Page 1 of  1 / NM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

Joseph Niedzwiedz )
)
)
)
)
)
)
Plaintiff(s) )
vs. )
)
Aircraft Propeller Service, LLC )
)
)
)
)
)
)
Defendant(s) )

Case No: _____

CT Corporation System
208 S. LASALLE ST, SUITE 814
CHICAGO , IL 60604

19L 00000695

SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

## NOTICE
### PURSUANT TO LCR - 2-2.14
**THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE**
IN COURTROOM _____ ON
_____ AT _____ A.M./P.M.
**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.**

171-138 Rev 07/18

Page 1 ol

int Barcodes

DIE DATE
10/25/2019

*50005390*

DOC.TYPE: LAW
CASE NUMBER: 19L00000695

**DEFENDANT**
AIRCRAFT PROPELLER SERVICE LLCCT CORP SYSTEM
208 S LASALLE ST
814
CHICAGO, IL 60604

SERVICE INF R/A:
- C/O: CT CORP
SYSTEM SEE
SUMM

This summons may not be served later than 30 days after its date.



WITNESS _____9/30/2019_____

_Eron Cartwright Weinstein_
ERIN CARTWRIGHT WEINSTEIN,
Clerk of Court

CH

Prepared by:
Name: _____Thomas R. Cirignani_____    Pro Se ☐
Address: _____150 S. Wacker Drive Suite 2600_____
City: _____Chicago_____ State: _____IL_____
Phone: _____708-674-4696_____ Zip Code: _____60606_____
ARDC #: _____3121616_____
Fax: _____
E-mail address: _____thrick1@gmail.com_____

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of Service _____, 20_____ (to be inserted by officer on copy left with defendant or other person).

171-138 Rev 07/18

SHERIFF'S FEES

( Service and return ............................................. $ _____
(
( Miles_____ ............................................ $ _____
(
( Total................................................................. $ _____

_____

Sheriff of _____ County

I certify that I served this summons on defendants as follows:

(a)-(Individual defendants – personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____

_____

_____

_____

(b)-(Individual defendants – abode):
By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

Name of defendant                    Mailing Address                    Date of mailing

_____    _____    _____

_____    _____    _____

(c)-(Corporate defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

Defendant corporation              Registered agent, officer or agent              Date of
Service

_____    _____    _____

_____    _____    _____

_____    _____    _____

(d)-(Other service):

_____

_____

_____

_____    Sheriff of _____County
                                     By: _____
                                              (Deputy)

171-138 Rev 07/18

FILED
9/30/2019 9:06 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS
NINETEENTH JUDICIAL DISTRICT, LAW DIVISION

| | | |
|---|---|---|
| JOSEPH NIEDZWIEDZ, | ) | |
| | ) | |
| Plaintiff, | ) | 19L 00000695 |
| | ) | |
| v. | ) | |
| | ) | |
| AIRCRAFT PROPELLER | ) | |
| SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | 12-person Jury Demanded |

### PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Plaintiff JOSEPH NIEDZWIEDZ, by and through and his attorneys, Thomas R. Cirignani and Jackson Spencer Law PLLC, and for his complaint against Defendant AIRCRAFT PROPELLER SERVICE, LLC, states as follows:

**I. PARTIES**

1. Plaintiff Joseph Niedzwiedz is a resident of McHenry County, Illinois.

2. Defendant Aircraft Propeller Service, LLC ("APS" or "Defendant") is an Illinois limited liability company with an office in Illinois at 595 Telser Road, Lake Zurich, Illinois, 60047. Defendant employed Niedzwiedz at its place of business located at 595 Telser Road, Lake Zurich, Illinois, 60047.

**II. VENUE**

3. Venue in Lake County is proper because all or a substantial part of the events or omissions that gave rise to this action occurred in Lake County.

4. Venue in Lake County is also proper because Defendant has its principal place of business in Lake County.

5. This controversy is within the jurisdictional limits of this Court.

**NOTICE**
**PURSUANT TO LCR - 2-2.14**
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM _____ ON _____
_____ AT _____ A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.

## III. FACTS

6.    Niedzwiedz began working for Defendant on January 24, 2011. Throughout Niedzwiedz's tenure, his employment record was devoid of any disciplinary actions or performance problems and was always positively reviewed.

7.    The effects of Niedzwiedz's disability were well-known in the office beginning in the last few months of 2017, when Niedzwiedz had begun feeling poorly. Many employees and managers had commented that he did not look well and questioned his well-being. Many comments had been made as well about his rapid weight loss during this time period.

8.    On information and belief, the CEO, Dan Colbert, discussed Niedzwiedz and his "obvious illness" during a meeting regarding health insurance in November 2017.

9.    Niedzwiedz was diagnosed with the disability of Diabetes on January 1, 2018.

10.    Niedzwiedz took FMLA leave for a hospital stay for his disability and short recuperation thereafter, and he returned to work on January 8, 2018.

11.    Four days after his return to the office, Niedzwiedz was wrongfully terminated by Steve Aragon, purportedly for "position elimination," on January 12, 2018 after working for the Company for seven years.

12.    Niedzwiedz was given a letter of termination on January 12, 2018, which stated that his last day of employment would be February 28, 2018, and he would be paid through March 30, 2018.

13.    Three days later on January 15, 2018, Rebecca Kolleng in HR told Niedzwiedz that the letter was a "mistake," and Niedzwiedz was given a new letter. The January 15,

2018 letter stated that Niedzwiedz's "last day will be 1/27/18 or another mutually agreeable date." The letter stated that he would only be paid through his last day of attendance.

14.     This letter had an attachment that the Ms. Kolleng pressured Niedzwiedz to sign. When Niedzwiedz questioned his 2017 bonus that he was entitled to receive, Ms. Kolleng told him to "just sign the letter" because "we don't want to piss off Dan." She also stated that Mr. Colbert seemed favorable to giving the bonus but only if things with the termination "went smoothly."

15.     Niedzwiedz took FMLA leave and PTO time from January 16, 2018 through January 25, 2018, due to issues with his Diabetes, which had resulted in glucose levels in the 400 range and vision problems. Niedzwiedz provided doctor's notes to Defendant during this time.

16.     Ms. Kolleng continued to pressure Niedzwiedz to sign the letter, but Niedzwiedz continued to inquire about the state of his bonus. Niedzwiedz also asked if he would receive his 401k distribution and was told that he would, "but [they] did not know if it would be a safe harbor non-discretionary payout or profit sharing." Niedzwiedz's questions regarding the 401k and bonus were never answered.

17.     On January 24 and 25, 2018, Niedzwiedz was told that the Company was interviewing for his replacement, further demonstrating that the "position elimination" reason was pretextual.

18.     On January 25, 2018, Niedzwiedz received an email copy of brand new paperwork. This new paperwork was a one page document, written in the first person, that gave no information about the terms of the agreement or the bonus.

19.     The paperwork stated, "I have received an opportunity to present any issues regarding my employment with [Defendant]. There are no outstanding issues that have not been communicated to [Defendant] or its agents." Niedzwiedz protested this statement because he still had not been told if he would get his bonus. Moreover, the paperwork had another employee's name typed under the signature line.

20.     On January 26, 2018, Niedzwiedz completed his employee reviews at home as instructed. Niedzwiedz then went to the office to pack his belongings. Niedzwiedz then spoke with Mr. Colbert, who asked why he had not signed the letter. Niedzwiedz said that it was not his letter because it had someone else's name on it. Thereafter, Niedzwiedz was sent a new letter that had his name on it but, despite Niedzwiedz's requests, it did not state why he was being terminated and did not state whether or not he would be given his bonus. Niedzwiedz did not sign the paperwork.

21.     Niedzwiedz was terminated due to disability discrimination and in retaliation for exercising his rights under FMLA.

22.     All conditions precedent have been performed or have occurred.

## IV.    ADMINISTRATIVE PREREQUISITES

23.     Niedzwiedz filed a "Charge of Discrimination" with the Illinois Department of Human Rights ("IDHR") on July 9, 2018, alleging disability discrimination.

24.     The IDHR dismissed his Charge on July 2, 2019, and this lawsuit is being filed within 90 days of receipt of the notice of the IDHR's dismissal. Thus, all administrative prerequisites have been met or have expired.

## V.    CAUSES OF ACTION

**COUNT ONE:    DISCRIMINATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT**

28.    Niedzwiedz re-alleges the foregoing allegations as if fully set forth herein.

29.    Niedzwiedz has satisfied all jurisdictional prerequisites in connection with his claim under the Illinois Human Rights Act, 775 ILCS 5 ("IHRA").

30.    At all times relevant, Defendant was an "employer" as defined by the IHRA.

31.    When Niedzwiedz worked for Defendant, he was an "employee" as defined by the IHRA.

32.    Niedzwiedz's termination was motivated by his disability in violation of the IHRA.

33.    Niedzwiedz's termination was malicious or made with reckless indifference to his state-protected rights.

34.    As a direct and proximate consequence of Defendant's violation, Niedzwiedz has suffered damages.

35.    Niedzwiedz's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

WHEREFORE, Niedwiedz prays judgment against Defendant Aircraft Propeller Service, LLC and seeks equitable relief, and compensatory and exemplary damages, pre- and post-judgment interest, attorney's fees and costs in excess of the jurisdictional limit.

**COUNT TWO:    DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

37.    Niedzwiedz re-alleges the foregoing allegations as if fully set forth herein.

38.    Niedzwiedz has satisfied all jurisdictional prerequisites in connection with his claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA").

39.    At all times relevant, Defendant was an "employer" and Niedzwiedz was an "employee," as those terms are defined by the ADA.

40.    Niedzwiedz was able to perform his essential duties despite his disability.

41.    Niedzwiedz's discharge was motivated by a disability of Niedzwiedz in violation of the ADA.

42.    Niedzwiedz's discharge was malicious or with reckless indifference to his protected rights.

43.    As a direct and proximate consequence of Defendant's violation, Niedzwiedz has suffered damages.

44.    Niedzwiedz's damages include past and future lost wages, past and future lost medical healthcare benefits, and past and future mental anguish.

WHEREFORE, Niedwiedz prays judgment against Defendant Aircraft Propeller Service, LLC and seeks damages, exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs in excess of the jurisdictional limit.

**COUNT THREE:    VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

46.    Niedzwiedz re-alleges the foregoing allegations as if fully set forth herein.

47.    At all times relevant, Defendant was an "employer" of Niedzwiedz as defined by the FMLA.

48.    When Niedzwiedz worked for Defendant, he was an "eligible employee" as defined by the FMLA because Niedzwiedz was employed by Defendant for over twelve months and Defendant employed fifty or more employees at or within seventy-five miles of its office in Lake Zurich, Illinois, where Niedzwiedz worked and from which Niedzwiedz's work was assigned and to which he reported.

49. Following his diagnosis of Diabetes, Niedzwiedz requested one week of leave protected by the FMLA.

50. After being granted leave due to his serious medical condition, Niedzwiedz was terminated four days after his return to work.

51. Defendants' actions were in order to interfere with, restrain, or deny the exercise or the attempt to exercise Niedzwiedz's rights under the FMLA, and/or to discharge or discriminate against Niedzwiedz for opposing Defendant's refusal to allow him to return to work.

52. As a direct and proximate consequence of Defendant's violation, Niedzwiedz has suffered damages.

53. Niedzwiedz's damages include lost wages, salary, employment benefits, and other compensation.

WHEREFORE, Niedwiedz prays judgment against Defendant Aircraft Propeller Service, LLC and seeks damages, liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), pre- and post-judgment interest, such equitable relief as may be appropriate, attorneys' fees, expert witness fees, if any, and costs of court in excess of the jurisdictional limit.

Respectfully Submitted,

_Thomas R. Cirignani_

Thomas R. Cirignani

Thomas R. Cirignani, #3121616
150 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
708-674-4696
thrick1@gmail.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
P: (972) 458-5301
F: (972) 770-2156

7

**EXHIBIT B**

**IN THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS**
**NINETEENTH JUDICIAL DISTRICT, LAW DIVISION**

| | | |
|---|---|---|
| **JOSEPH NIEDZWIEDZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 19 L 00000695** |
| **AIRCRAFT PROPELLER** | ) | |
| **SERVICE, LLC,** | ) | **Judge Diane E. Winter** |
| | ) | |
| **Defendant.** | ) | **Jury Demand** |

<u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

To:    Chief Deputy Clerk, Law Division
       Circuit Court of Lake County
       18 North County Street
       Waukegan IL 60085

       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

Defendant Aircraft Propeller Service, LLC, filed on October31, 2019 a Notice of

Removal in the above-captioned matter in the United States District Court for the

Northern District of Illinois, Eastern Division.  A copy of the Notice of Removal is

attached at Tab 1.

       Pursuant to 28 U.S.C. § 1446(d), this shall effect the removal of this case, and the

State Court shall proceed no further unless and until the case is remanded.

Dated: October 31, 2019          Respectfully submitted,

                                 Aircraft Propeller Service, LLC

                                 By:    s/ Kimberly A. Ross
                                        Attorney for Defendant
                                        Kimberly A. Ross

Kimberly A. Ross
IL ARDC #6231248
kross@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, IL 60601
(312) 960-6111 – Telephone
(312) 332-6130 – Facsimile

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on October 31, 2019, they electronically filed the foregoing NOTICE OF FILING OF NOTICE OF REMOVAL with the Circuit Court of Lake County, Illinois, Law Division, by using the Odyssey EfileIL system.

The undersigned, an attorney, further certifies that they caused a copy of the foregoing NOTICE OF FILING OF NOTICE OF REMOVAL to be served upon the following attorney of record for Plaintiff, by electronic mail to the email address below, on October 31, 2019:

Thomas R. Cirignani:         thrick1@gmail.com


s/ Kimberly A. Ross
Attorney for Defendant
Kimberly A. Ross

Kimberly A. Ross
ARDC #6231248
kross@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, IL 60601
(312) 960-6111 – Telephone
(312) 332-6130 – Facsimile

WSACTIVELLP:10894528.1

3